Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BONES, in her Personal Capacity, and as Personal Representative of the Estate of JOSHUA BONES, deceased; C.G., a minor, by and through his Guardian, SARAH BONES; and T.G., a minor, by and through his Guardian, SARAH BONES,<br><br>Plaintiffs,<br><br>vs.<br><br>H.I.G. CAPITAL, LLC; WELLPATH; COUNTY OF CLALLAM, WASHINGTON, a Political Subdivision of the State of Washington; BILL BENEDICT; DON WENTZEL; TYLER CORTANI; LETICIA RUBALCAVA; KRISTIN MICHELLE PUHL; ALICIA C. LONG; EDWARD S. BERETTA; LINSEY JANE MONAGHAN; TAMARA VANOVER; KATHERINE E. JONES; and JOHN DOES 1-10,<br><br>Defendants. | Case No. 2:24-cv-00110<br><br>DEFENDANT WELLPATH LLC'S MOTION TO STRIKE |

## I. INTRODUCTION

Plaintiffs filed a Complaint that goes beyond alleging facts, to being rife with subjective insults and judgmental accusations regarding Defendant Wellpath LLC (erroneously identified as "Wellpath"). These salacious jibes serve only to improperly impugn Wellpath and prejudice its defense of this case on the merits. Accordingly, pursuant to Fed. R. Civ. P. 12(f), Wellpath—

DEFENDANT WELLPATH'S MOTION TO STRIKE - 1

FoxBallard PLLC
1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
949 Market Street, Suite 710 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

by and through its counsel, Jonathan D. Ballard and Ross C. Taylor of Fox Ballard PLLC—respectfully requests the Court strike the unnecessary and inappropriate accusations in Plaintiffs' Complaint.[1]

## II. FACTS AND POSTURE

The underlying lawsuit was initiated by the Estate of Joshua Bones, against Defendants H.I.G. Capital, Wellpath, Clallam County, as well as several individuals and Does.[2] The events at issue relate to Mr. Bones' suicide at the Clallam County Jail in 2022.[3] Plaintiffs allege that Wellpath contracted with Clallam County to provide medical, dental, and mental health services to individuals incarcerated at the Clallam County Jail.[4] The Complaint thereafter asserts claims of negligence and deliberate indifference.[5] Wellpath disputes the allegations.

To avoid redundant briefing, the provisions of the Complaint to which Wellpath is requesting be stricken are identified with specificity in the argument section below.

## III. AUTHORITY AND ARGUMENT

Under Rule 12(f) a "court may strike from a pleading … any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting

---

[1] Local Rule 7(g) generally requires motions to strike to be included in responsive briefs, rather than in separately stated motions. There is an explicit clarification, however, that the Local Rule "does not limit a party's ability to file a motion to strike otherwise permitted by the Federal Rules of Civil Procedure, including Fed. R. Civ. P. 12(f) motions to strike material in pleadings." This Motion is a Fed. R. Civ. P. 12(f) motion.

[2] ECF 1-1 at ¶¶ 1, 3, 10, and 14.

[3] Id. at §II, ¶ 30.

[4] Id. at §I, ¶ 4.

[5] Id. at §§ IV, V, VI.

FoxBallard PLLC
1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
949 Market Street, Suite 710 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

*Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983), rev'd on other grounds, 510 U.S. 517, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

For purposes of the rule and this Court's analysis, matter is "immaterial" if it lacks an essential or important relationship to the claim for relief or the defenses being pleaded. *Fantasy, Inc.* 984 at 1527. Allegations are "impertinent" if they are not responsive to the issues that arise in the action and that are admissible as evidence. *In re 2TheMart.com, Inc Sec. Litig.*, 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000). A "scandalous" matter is that which casts a cruelly derogatory light on a party or other person. *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1202 (D. Nev. 2009). Superfluous historical allegations are properly subject to a motion to strike. *Fantasy, Inc.*, 984 F.2d at 1527. This is particularly true where the allegations create risks of prejudice, delay, or confusion of the issues. *Id.* at 1528. Striking allegations is also appropriate where they would unnecessarily complicate a claim by requiring the introduction of extensive evidence on peripheral issues. *Id.* "Courts have struck allegations that levy insults at parties or attorneys … or that raise prior instances of alleged misconduct 'for no other reason than to cast [a party] in a negative light.'" *Ewing v. Freedom Forever, LLC*, 2024 U.S. Dist. LEXIS 10197, *33 (quoting *Tuck v. Guardian Prot. Servs. Inc.*, No. 15-CV-1376 JLS (JLB), 2017 U.S. Dist. LEXIS 39896, 2017 WL 1047122, at *2 (S.D. Cal. Mar. 20, 2017)).

Plaintiffs' Complaint need only contain a short and plain statement, with sufficient factual assertions to show that relief can be granted. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–69 (2009). Instead, Plaintiffs inserted various improper averments. In response, and under the standards defined above, Wellpath respectfully requests the following allegations be stricken:

Plaintiff alleges Mr. Bones was "needlessly killed by [the] Defendants' acts and omissions."[6] The claims at issue are for negligence and indifference, and not any intentional tort.

---

[6] *Id.* at §I, ¶ 1.

DEFENDANT WELLPATH'S MOTION TO STRIKE - 3

FoxBallard PLLC
1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
949 Market Street, Suite 710 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

Accusing Defendants of "killing" Mr. Bones is impertinent—as it is not what is being claimed in this litigation—as well as scandalous.

Plaintiff asserts that Wellpath "arose from the ashes" of a separate entity, Correct Care Solutions, while describing CCS' "rise to infamy."[7] These historic accusations about a business entity that preceded Wellpath's existence, as well as the use of idiom, is immaterial and scandalous.

Plaintiff claims that CCS "continued to rack up an appalling body count," citing the purported numbers of lawsuits against that entity.[8] Putting aside the hundreds of thousands or even millions of positive and helpful healthcare encounters facilitated by correctional healthcare providers, this accusation (regarding an entity that is not Wellpath) is impertinent, immaterial, and scandalous.

Plaintiff refers to a criminal conviction of Jerry Boyle.[9] The allegation and events underlying that criminal conviction are wholly unrelated to Plaintiff's claims in this suit. Accordingly, it is impertinent, immaterial, and scandalous. This is precisely the type of "superfluous historical allegations" that are properly stricken. *Fantasy, Inc.*, 984 F.2d at 1527.

Plaintiff asserts that Wellpath achieved profit by providing less "or no care" to incarcerated individuals.[10] The suggestion that Wellpath did not provide any care—its primary purpose—is as insulting as it is preposterous. This is impertinent, immaterial, and scandalous.

Plaintiff makes the averment that Wellpath conspires to deny inmates care in relation to their release dates.[11] No facts support this threadbare allegation. It also bears no relationship to the circumstances of Mr. Bone's care and treatment. It is impertinent, immaterial, and scandalous.

---

[7] *Id.* at §I, ¶¶10, 12.
[8] *Id.* at §1, ¶ 13.
[9] *Id.* at §I, ¶ 15.
[10] *Id.* at §I, ¶ 16.
[11] *Id.* at §I, ¶ 17.

DEFENDANT WELLPATH'S MOTION TO STRIKE - 4

FoxBallard PLLC
1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
949 Market Street, Suite 710 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

1 | Plaintiff asserts Wellpath has a policy of not attempting to diagnose or monitoring choric diseases and other ailments.[12] Again, this is a threadbare allegation that is nether correct nor rational. It is impertinent, immaterial, and scandalous.

Plaintiff vaguely asserts Wellpath had "pervasive unconstitutional conduct."[13] This unsupported insult is immaterial, impertinent, and scandalous.

Plaintiff accuses Wellpath (and all Defendants) of "not even trying" and that its staff demonstrate "a cold-hearted attitude."[14] These quips are not factual allegations and serve no purpose other than maligning Wellpath and its providers. They are impertinent, immaterial, and scandalous in the plainest sense of the words.

## IV.  CONCLUSION

Based on the authority and argument above, Wellpath respectfully requests this Court strike the offending portions of Paragraphs 1, 10, 12, 13, 15-18, and 25 from Parties portion of Plaintiff's Complaint (§I), as well as from Paragraph 34 from the Fact section (§III) of Plaintiff's Complaint.

//
//
//
//
//
//
//

---

[12] *Id.* at §I, ¶ 18.
[13] *Id.* at §I, ¶ 25.
[14] *Id.* at §III, ¶ 34.

DEFENDANT WELLPATH'S MOTION TO STRIKE - 5

FoxBallard PLLC
1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
949 Market Street, Suite 710 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

Undersigned counsel certifies that this memorandum contains 1,017 words, in compliance with the Local Civil Rules.

DATED this Thursday, February 29, 2024.

                                        FOX BALLARD PLLC

By: _____
Jonathan D. Ballard, WSBA No. 48870
Attorney for Defendant Wellpath LLC and
Alicia C. Long

FoxBallard PLLC
1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
949 Market Street, Suite 710 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

# DECLARATION OF SERVICE

I hereby declare under penalty of perjury under the laws of the State of Washington that I caused a true and correct copy of the foregoing **DEFENDANT WELLPATH LLC'S MOTION TO STRIKE** to be served via the methods below on this Thursday, February 29, 2024, on the following counsel/party of record:

| | |
|---|---|
| Joseph Schodowski, WSBA # 42910<br>Schodowski Law, Inc, PS<br>210 Polk Street, Suite 8<br>Port Townsend, WA 98368<br><br>Ryan D. Dreveskracht, WSBA # 42593<br>Galanda Broadman, PLLC<br>P.O. Box 15146<br>Seattle, WA 98115<br><br>***Attorneys for Plaintiff*** | ☐ via U.S. Mail, first class, postage<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via E-Service<br>☐ via E-mail:<br>joe@schodowskilaw.com<br>rebecca@schodowskilaw.com<br>ryan@galandabroadman.com |
| John E. Justice, WSBA # 23042<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880, Olympia, WA 98508<br><br>***Attorney for Defendants Clallam County, Bill Benedict, Don Wenzl, Tyler Cortani, Kristin Michelle Puhl, Edward S. Berretta, Linsay Jane Monoghan, and Tamara Vanover*** | ☐ via U.S. Mail, first class, postage<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via E-Service<br>☐ via E-mail:<br>jjustice@lldkb.com<br>lisa@lldkb.com<br>tam@lldkb.com<br>tmonroe@lldkb.com |
| Robert L. Bowman, WSBA # 40079<br>Samantha K. Pitsch, WSBA # 54190<br>Stokes Lawrence, P.S.<br>1420 Fifth Avenue, Suite 3000<br>Seattle, WA 98101-2393<br><br>***Attorneys for Defendant H.I.G. Capital, LLC*** | ☐ via U.S. Mail, first class, postage<br>☐ via Legal Messenger Hand Delivery<br>☐ via Facsimile<br>☒ via E-Service<br>☐ via E-mail:<br>robert.bowman@stokeslaw.com<br>samantha.pitsch@stokeslaw.com |

//

//

//

DEFENDANT WELLPATH'S MOTION TO STRIKE - 7



FoxBallard PLLC
1325 Fourth Avenue, Suite 1500 • Seattle, WA 98101
949 Market Street, Suite 710 • Tacoma, WA 98402
Phone: 206-800-2727 Fax: 206-800-2728
foxballard.com

Signed at Seattle, WA, on this Thursday, February 29, 2024.

_____
Eric Hufnagel, Legal Secretary
FOX BALLARD PLLC
1325 Fourth Avenue, Suite 1500
Seattle, WA 98101
Main: (206) 800-2727
Fax: (206) 800-2728
eric@foxballard.com

DEFENDANT WELLPATH'S MOTION TO STRIKE - 8