UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SARAH BONES,,

          Plaintiff,

  v.

H.I.G. CAPITAL, LLC, et al.,

          Defendants.

CASE NO. C24-0110 BHS

ORDER

THIS MATTER is before the Court on defendant H.I.G. Capital LLC's (H.I.G.) Federal Rule of Civil Procedure 12(b)(2) and (6) motion to dismiss, Dkt. 18, and on defendant Wellpath LLC's Rule 12(f) motion to strike, Dkt. 22.

Joshua Bones died by suicide while incarcerated at the Clallam County Jail in 2022. Plaintiff Sarah Bones[1] is the personal representative of Joshua Bones' estate. In January 2024, she sued Clallam County, Wellpath (the contractor Clallam County hired to provide medical services to its inmates), H.I.G. (a private equity firm that Bones

---

[1] Sarah Bones is Joshua Bones' widow. She sues on her own behalf, on behalf of Joshua's estate, and on behalf of her minor children, C.G. and T.G., who were Joshua Bones' stepchildren.

ORDER - 1

alleges owns Wellpath and is its alter ego), and various individuals and employees she alleges were responsible for Joshua Bones' suicide. She asserts a negligence claim, a claim that defendants deprived her of "constitutionally protected rights," in "violation[2] of 42 U.S.C. § 1983," and, against Clallam County, a § 1983 *Monell* claim. Dkt. 1-1 at 29. She alleges that H.I.G. is liable for Wellpath's unconstitutional conduct and negligence under an "alter ego" or corporate veil piercing theory, and that Wellpath is a "mere agent," a "mere shell," or an "instrumentality" of H.I.G. Dkt. 1-1 at 13. She also contends that Wellpath generates $1.5 billion annually for H.I.G. *Id*. at 11.

H.I.G. argues that Bones' allegations about its corporate relationship with Wellpath are conclusory, confusing, inconsistent, and insufficient. It argues that the Court does not have personal jurisdiction over it, and that Bones' corporate disregard claims are not plausible.

H.I.G. is incorporated in Delaware with a principal place of business in Florida. Dkt. 18 at 10. H.I.G. asserts that it is not licensed to and does not do business in Washington. It denies that it owns Wellpath, and it denies that Wellpath is its agent. *Id*. at 13. It argues that Bones has failed to plausibly allege facts imputing Wellpath's forum contacts to it. It seeks dismissal of Bones' agency and "veil piercing" claims as implausibly pled. It points out that even Bones concedes Wellpath is not a mere shell

---

[2] Bones' complaint alleges a "violation" of 42 U.S.C.§ 1983, but such a claim is not cognizable. "One cannot go into court and claim a violation of § 1983—for § 1983 by itself does not protect anyone against anything." *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) (citing *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979)). Section 1983 does not create any substantive rights. It is instead a vehicle for enforcing individual rights secured elsewhere, most typically in the United States Constitution.

corporation and demonstrates that Wellpath itself has 15,000 employees. H.I.G. argues that it is not a person or a state actor for § 1983 purposes and that Bones has not and cannot plausibly allege that its conduct caused Joshua Bones' death. Dkt. 18.

Wellpath argues that Bones' complaint includes unnecessarily salacious insults and accusations, not facts, and seeks to strike certain passages from her complaint.

The issues are addressed in turn.

**A.     Bones cannot state a plausible claim against H.I.G.**

**1.     The Court does not have personal jurisdiction over H.I.G.**

H.I.G. argues that the Court has neither general nor specific jurisdiction over it, and that Bones has alleged no facts (and has no evidence) that it purposefully availed itself of Washington law; it has not directed any of its activities to this forum. Dkt. 18 at 17–19. It argues that it does not employ any of the individuals who had contact with Joshua, it is not a party to the contract between Wellpath and Clallam County, it played no role in drafting the policies and procedures at issue, and there is no nexus between its conduct and Bones' claims. *Id*.

Bones' response, like her complaint, lumps all the defendants together and asserts that they "knew" Joshua had attempted suicide, had a family history of suicide, was the only member of his Iraq military unit that had not committed suicide, had mental health issues, and had stopped taking his medication. Dkt. 34 at 2. Bones contends that H.I.G.'s claim that it is not registered to do business in Washington is "spurious," because a separate, similarly named H.I.G. entity—H.I.G. Capital *Management* LLC— *is* registered in Washington, and that the two LLCs share at least one "governor" and the same Florida

address. *Id*. at 12. She asserts that this evidence is ample to subject H.I.G. to general personal jurisdiction here:

> This level of integration and presence suggests not merely a nominal distinction between the entities but a shared corporate identity that subjects HIG to the jurisdiction of this Court on any causes of action, even those not directly arising from its activities within the State, irrespective of what it chooses to call itself.

*Id*. Bones also repeats her assertion that Wellpath is H.I.G.'s agent in Washington. She generally argues that the Court should disregard various entities' corporate form[3] and conclude that it has both general and specific personal jurisdiction over defendant H.I.G. *Id*.

When a defendant moves to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that jurisdiction is appropriate. *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004). A plaintiff cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. *Amba Marketing Systems, Inc. v. Jobar International, Inc.,* 551 F.2d 784, 787 (9th Cir. 1977). Where the motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts. *Schwarzenegger*, 374 F.3d at 800. A prima facie showing means that the plaintiff has produced admissible

---

[3] Bones' response, Dkt. 34, is supported by the Schodowski Declaration, Dkt. 34-1, which purports to attach various documents regarding non-parties CFMG, Inc., CMGC, Inc., CCS-Management Holdings, Inc., and CSS-CMGC Holdings. *See* Dkt. 34-1. The import of these materials is not clear, but they do not establish this Court's personal jurisdiction over defendant H.I.G.

evidence, which if believed, is sufficient to establish the existence of personal jurisdiction. *Ballard v. Savage,* 65 F.3d 1495, 1498 (9th Cir. 1995). Conflicts in affidavits must be resolved in the plaintiff's favor. *Id.*

The Court's personal jurisdiction analysis begins with the "long-arm" statute of the state in which the court sits. *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.,* 284 F.3d 1114, 1123 (9th Cir. 2002). Washington's long-arm statute extends the court's personal jurisdiction to the broadest reach that the United States Constitution permits. *Byron Nelson Co. v. Orchard Management Corp.,* 95 Wn. App. 462, 465 (1999). Because Washington's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analysis under state law and federal due process are the same. *Schwarzenegger*, 374 F.3d at 800–01.

Bones has not demonstrated that the Court has general jurisdiction over H.I.G. General jurisdiction permits a court to consider claims against a person or a corporation for any conduct, even that which occurred outside the forum state. *Goodyear*, 564 U.S. at 924; *Daimler*, 134 S. Ct. at 754. A corporation's mere presence within a state is not sufficient to establish general jurisdiction. *BNSF Ry. Co. v. Tyrrell*, 137 S. Ct. 1549, 1559 (2017). Rather, the corporation's contacts with the state must be "so continuous and systematic as to render [it] essentially at home." *Goodyear*, 564 U.S. at 919. "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." *Id*. "Th[at] inquiry 'calls for an appraisal of a corporation's

activities in their entirety.'" *BNSF*, 137 S. Ct. at 1559 (quoting *Daimler*, 134 S. Ct. at 761).

A corporation is undeniably "at home" in both the state where it is incorporated and the state where it is headquartered. *Daimler*, 134 S. Ct. at 760. A corporation may also be considered "at home" outside those states, but only in "exceptional case[s]." *BNSF*, 137 S. Ct. at 1558. "[T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts." *Daimler*, 134 S. Ct. at 762 n.20. "Rather, the inquiry 'calls for an appraisal of a corporation's activities in their entirety'; '[a] corporation that operates in many places can scarcely be deemed at home in all of them.'" *BNSF*, 137 S. Ct. at 1558 (quoting *Daimler*, 134 S. Ct. at 762). "Under [the majority's] reasoning, it is virtually inconceivable that such corporations will ever be subject to general jurisdiction in any location other than their principal places of business or of incorporation." *Id*. at 1560 (Sotomayor, J., dissenting)

H.I.G. is neither incorporated nor headquartered here, and Bones' reliance on the presence of other corporate entities in this state is not enough to establish general personal jurisdiction over H.I.G. The Court does not have general personal jurisdiction over H.I.G. as a matter law.

To establish specific jurisdiction, the plaintiff must show that: (1) defendant purposefully availed itself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) plaintiff's claims arise out of defendant's forum-related activities; and (3) the exercise of jurisdiction would be reasonable. *Easter v. American West Financial,* 381 F.3d 948, 960–61 (9th Cir. 2004);

*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.,* 223 F.3d 1082, 1086 (9th Cir. 2000). If the plaintiff makes a sufficient showing as to the first two prongs, the burden shifts to the defendant.

The purposeful availment prong considers whether the defendant's conduct has invoked the forum state's benefits and protections "such that [the defendant] should reasonably anticipate being haled into court there." *Lake v. Lake,* 817 F.2d 1416, 1421 (9th Cir. 1987) (quoting *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297. A defendant "purposefully avails" itself of a forum when it acts in a way that creates a "substantial connection" with the state, *Burger King,* 471 U.S. 462, 475 (1985), as where it deliberately engages in significant activities there, *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 (1984), or creates "continuing obligations" between himself and the forum state's residents. *Travelers Health Ass'n v. Virginia,* 339 U.S. 643, 648 (1950). This prong is not met where the defendant's contacts with the state are "random, fortuitous or attenuated," or where they are the result of the unilateral activity of another party or a third person. *Burger King* at 475.

To exercise specific personal jurisdiction over a nonresident defendant, that defendant must have at least "minimum contacts" with the relevant forum state such that exercising jurisdiction "does not offend traditional notions of fair play and substantial justice." *Schwarzenegger*, 374 F.3d at 801 (citing *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)). In determining whether a defendant has the required minimum contacts, courts focus on the relationship among the defendant, the forum, and the litigation. *Shaffer v. Heitner,* 433 U.S. 186 (1977).

ORDER - 7

1    H.I.G supports its motion with evidence demonstrating it does not own Wellpath
2    and does not do business in Washington. It provides evidence that it is a separate
3    corporate entity and that it observes corporate formalities. It demonstrates it is not a party
4    to Wellpath's contract with Clallam County, does not provide health care to anyone, and
5    did not have any contact with Joshua Bones; it does not employ any Wellpath employees;
6    Wellpath is not its agent, and the two entities do not share any assets. *See* Dkts. 18, 19.

7    Bones has no evidence in rebuttal. She has not alleged, much less demonstrated,
8    that defendant H.I.G. has any contacts, much less the requisite minimum contacts with
9    this forum to establish specific personal jurisdiction over it. She instead relies on the
10   purely conclusory claim that H.I.G. does business here, and the unsupported legal
11   argument that if it does not, other non-party entities subject to H.I.G.'s control or
12   ownership do, which means that the Court should disregard the corporate form and
13   conclude that H.I.G. is at home in this state, or has sufficient contacts with it to subject it
14   to personal jurisdiction here. As H.I.G.'s reply points out, her response includes a variety
15   of unsupported, irrelevant, and perhaps inaccurate allegations that are not in her
16   complaint. *See* Dkt. 35 at 5.

17   Bones' lengthy narrative about the relationships and communications between
18   various, perhaps related non-party corporate entities is not a plausible claim that any of
19   them have disregarded their corporate form such that their corporate identities may be
20   disregarded, or that they are alter egos of each other. She claims that permitting
21   companies to "insulate" themselves by using separate corporations leads to injustice. This
22

ORDER - 8

is a complaint about well-established corporate law; it is not a basis for simply ignoring the corporate form.

Bones has not met her burden of demonstrating that the Court has personal jurisdiction over H.I.G., and H.I.G.'s motion to dismiss on this basis is **GRANTED**.

**2.     Bones' alter ego claim is conclusory and implausible.**

Bones' liability theory similarly depends on her claim that H.I.G. owns and controls Wellpath such that it is liable for Wellpath's torts. These contentions are conclusory. Bones has not pled facts which, if proven, would support piercing the corporate veil under Washington law, and making H.I.G. liable for a judgment against Wellpath that Bones has yet to obtain.

To pierce the corporate veil in Washington, a plaintiff must allege and ultimately prove (1) an abuse of the corporate form, which typically involves fraud, misrepresentation, or some form of manipulation of the corporation to violate or evade a duty; and (2) disregard must be necessary and required to prevent unjustified loss to the injured party. *Meisel v. M & N Modern Hydraulic Press Co.*, 645 P.2d 689, 692 (Wn. 1982) (en banc); *Seabourn Cruise Line Ltd. v. Goldring*, No. 2:22-cv-00999-BAT, 2022 WL 16579558, at *5 (W.D. Wash. Oct. 11, 2022).

Bones has not alleged any such abuse, and she has not identified any unjustified loss that she has or will suffer if the Court does not conclude that H.I.G. is liable for Wellpath's conduct. She has not stated a plausible claim against H.I.G. H.I.G.'s Rule 12(b)(6) motion to dismiss is **GRANTED**, and Bones claims against H.I.G. are **DISMISSED** with prejudice and without leave to amend.

ORDER - 9

**B.     Bones complaint needlessly includes immaterial, impertinent and scandalous allegations.**

Bones' complaint alleges that Wellpath "needlessly killed" Joshua Bones; that it "arose from the ashes" of a separate, non-party corporate entity (Correct Care Solutions), which in turn "rose to infamy," and which "continued to rack up an appalling body count." Bones alleges that Jerry Boyle was criminally convicted, and that Welllpath provides "no care" to the inmates to whom it has contracted to provide medical care. *See* Dkt. 1-1 at ¶¶ 1, 10, 12–13, 15–18, 25, and 34.

Wellpath argues that these sorts of superfluous historical allegations are properly stricken. Dkt. 22 at 4 (citing *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) ("[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.").

Bones argues correctly that such motions are disfavored, given the limited importance of pleadings in federal practice. Dkt. 26 at 1. She argues that Wellpath's motion is a delay tactic, but she does not articulate what is being delayed. *Id*.

Bones also defends her allegations by pointing to her *Monell* claim, which requires her to prove that Wellpath had a custom or policy of not providing care. Dkt. 26 at 3–4. However, as Wellpath points out, Bones' *Monell* claim is asserted only against Clallam County, not Wellpath. *See* Dkt. 1-1 at 31–32.

The Court agrees that Rule 12(f) motions to strike rarely have any meaningful impact on the litigation, except that they are more work for the lawyers, and the Court. Nevertheless, salacious, unfounded accusations and insults have no place in a pleading (or a brief), especially when the primary alleged basis for including them is shown to be untrue. Wellplath's motion to strike is **GRANTED** and the offending material (Dkt. 1-1 at Paragraphs 1, 10, 12–13, 15–18, 25, and 34) is **STRICKEN**.

**IT IS SO ORDERED**.

Dated this 9th day of July, 2024.

BENJAMIN H. SETTLE
United States District Judge