The Honorable Benjamin Settle

Joseph Schodowski, WSBA #42910
Ryan D. Dreveskracht, WSBA #42593
Galanda Broadman, PLLC
8606 35th Avenue NE, Suite L1
P.O. Box 15146
Seattle, WA 98115
Phone: (206) 557-7509
Fax: (206) 299-7690
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SARAH BONES, in her Personal Capacity, and as Personal Representative of the Estate of JOSHUA BONES, deceased; C.G., a minor, by and through his Guardian, SARAH BONES; and T.G., a minor, by and through his Guardian, SARAH BONES,<br><br>Plaintiffs,<br>v.<br><br>WELLPATH; COUNTY OF CLALLAM, WASHINGTON, a Political Subdivision of the State of Washington; BILL BENEDICT; DON WENTZEL; TYLER CORTANI; LETICIA RUBALCAVA; KRISTIN MICHELLE PUHL; ALICIA C. LONG; EDWARD S. BERETTA; LINSEY JANE MONAGHAN; TAMARA VANOVER; KATHERINE E. JONES; and JOHN DOES 1-10,<br><br>Defendants. | NO. 2:24-CV-00110<br><br>COMBINED JOINT STATUS REPORT AND DISCOVERY PLAN |

Pursuant to Fed. R. Civ. P. 16, 26(f), Plaintiffs Sarah Bones, C.G., and T.G., by and through their guardian, Sarah Bones; Sarah Bones as Personal Representative of the Estate of Joshua Bones ("Plaintiffs"), together with Defendants Clallam County, Bill Benedict, Don Wenzl, Tyler Cortani, Kristin Michelle Puhl, Edward S. Beretta, Linsay Jane Monaghan, and Tamara Vanover, ("County

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 1
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

Defendants), as well as Wellpath, LLC and Alicia C. Long ("Wellpath Defendants"), through counsel, (collectively the "Parties") submit the following Joint Status Report and Discovery Plan.

**1.    A statement of the nature and complexity of the case.**

This case involves state law negligence and federal Civil Rights claims under 42 U.S.C. § 1983 arising from the suicide of Joshua Bones at the Clallam County Corrections Facility in December of 2022. The case's complexity is typical of such an action.

**2.    Whether the parties consent to assignment of this case to a full time United States Magistrate Judge, pursuant to 28 U.S.C. §636(c) and Local Rule MJR 13 to conduct all proceedings.**

No.

**3.    A proposed deadline for the joining of additional parties.**

The deadline for joining additional Parties should be 90 days following the filing of this Joint Status Report.

**4.    A proposed deadline for the filing of the Motion for Class Certification.**

This provision is not applicable, as this is not a class action.

**5.    A discovery plan that states, by corresponding paragraph letters, the parties' views and proposals on all items in Fed. R. Civ. P. 26(f)(3), which includes the following topics:**

**(A)    Initial disclosures.**

The Parties have agreed to waive initial disclosures.

**(B)    Subjects, timing, and potential phasing of discovery.**

Plaintiffs anticipate discovery on all aspects of the allegations in their Complaint. Defendants anticipate discovery on Plaintiffs' claims and potential defenses thereto.

The Parties do not believe that discovery need be conducted in phases, except that expert discovery will necessarily take place after the expert disclosure deadlines established by the Court in the case schedule. *See also* Sections 6(d) ("Discovery Management") and 6(e) ("Anticipated

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 2
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

discovery sought") below. Relatedly, the Parties also disagree as to whether expert witness disclosures should be simultaneous or staggered. *See* Section 21, below.

### (C) Issues with discovery or electronically stored information.

Certain discovery has already been exchanged which may expedite the discovery going forward in this case. The Parties are not aware of any other unusual discovery issues at this time. The Parties intend to use the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation.

### (D) Privilege issues.

The Parties are not aware of any unusual privilege issues at this time. If issues concerning privileged information arise in the future, the Parties will discuss and attempt to resolve those issues between the Parties before seeking court intervention.

### (E) Proposed limitations on discovery.

The Parties currently believe that the limitations on discovery imposed by the Federal Rules of Civil Procedure and the Local Rules are appropriate. If any additional discovery is needed (beyond those limitations), counsel will attempt to stipulate to that additional discovery before seeking court approval.

### (F) The need for any discovery related orders.

The Parties anticipate that the exchange of confidential, proprietary, or private information will require the issuance of a protective order based on the Court's Model Stipulated Protective Order. The relevance of Plaintiff's medical records may also require the Parties to move to seal those records if they need to be filed with the Court. The Parties do not anticipate the need for an additional protective order or discovery related orders at this time, but may seek an order should the need arise.

**6. The Parties' views, proposals, and agreements, by corresponding paragraph letters, on all items set forth in Local Civil Rule 26(f)(1), which includes the following topics:**

### (A) Prompt case resolution.

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 3
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

The Parties currently have no specific suggestions for promptly settling or otherwise resolving the case.

**(B)     Alternative dispute resolution.**

The Parties are open to mediating this dispute at the appropriate time. Generally, the Parties prefer mediation at or near the close of discovery, and after resolution of potentially dispositive motions.

**(C)     Related cases.**

The Parties are unaware of any related cases.

**(D)     Discovery management.**

The Parties believe that discovery should be managed as provided for in the Federal Rules of Civil Procedure and Local Rules. The parties have agreed to email or other electronic service of discovery materials where possible. The Parties do not currently seek additional management on discovery issues at this time, but may seek an order or other guidance from the Court should the need arise.

**(E)     Anticipated discovery sought.**

The Parties anticipate discovery depositions of the parties and non-party witnesses, and discovery pursuant to Rules of Civil Procedure 33, 34, and 36, and agree to utilize stipulations and authorizations to obtain relevant records from non-parties as much as possible.

Plaintiff currently intends to conduct discovery on the following topics:

1. Any familiarity with Plaintiff and his health history that Defendants and their employees, agents, ostensible agents, and contractors may have been aware of.

2. The practices and procedures employed by Defendants regarding standards of health treatment.

3. Medical and correctional staffing levels at the Clallam County Jail.

4. Clallam County Policies and procedures.

5. Healthcare policies and procedures.

6. Training, policies, and procedures employed at the Clallam County Jail.

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 4
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

7. Training, policies, and procedures employed by Clallam County Jail subcontractors.

8. Record keeping of all Defendants.

9. Other incidents, lawsuits, claims, reports, and grievances alleging inadequate or inappropriate medical or psychiatric care and/or treatment from Defendants.

10. The response, if any, by Defendants' officials to other such incidents.

11. The identities and roles of all employees, agents, ostensible agents, and contractors were involved with or responsible for providing care to Plaintiff.

12. The identities of all persons who may have knowledge of Plaintiff's condition, and/or Defendants' response.

13. Electronic documents and metadata referring or related to Plaintiff.

14. Correspondence, memoranda, e-mails, and other documents pertaining to the foregoing topics.

Defendants currently intend to conduct discovery on all aspects of the liability claims asserted and the damages alleged.

**(F)** **Phasing of motions.**

The Parties do not believe that phasing of motions is desirable.

**(G)** **Preservation of discoverable information.**

The Parties do not foresee issues with the preservation of or production of electronically stored information.

**(H)** **Privilege issues.**

The Parties are not aware of any unusual privilege issues at this time. If issues concerning privileged information arise in the future, the parties will discuss and attempt to resolve those issues between the parties before seeking court intervention.

**(I)** **Model Protocol for Discovery of ESI.**

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 5
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

The Parties expect that the case will involve the preservation and production of Electronically Stored Information and wish to use the Model Protocol for Discovery of Electronically Stored Information in Civil Litigation.

**(J)  Alternatives to the Model Protocol.**

The Parties do not wish to use any alternatives to the Model Protocol.

**7.  The date by which discovery can be completed.**

The Parties believe that discovery can be completed by 120 days prior to trial.

**8.  Whether the case should be bifurcated by trying the liability issues before the damages issues, or bifurcated in any other way.**

At this time the parties do not anticipate the need for bifurcation. This issue will be reassessed during discovery.

**9.  Whether the pretrial statements and pretrial order called for by Local Civil Rules 16(e), (h), (i), and (k), and 16.1 should be dispensed with in whole or in part for the sake of economy.**

The Parties agree that they will comply with, and not dispense with, pretrial statements and the pretrial order, but the Parties wish to reserve the right to seek leave to dispense with such statements if it becomes apparent that they are not necessary.

**10.  Whether the parties intend to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.**

The Parties do not wish to utilize the Individualized Trial Program set forth in Local Civil Rule 39.2.

**11.  Whether the parties intend to utilize any Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1.**

The Parties do not wish to utilize the Alternative Dispute Resolution ("ADR") options set forth in Local Civil Rule 39.1.

**12.  Any other suggestions for shortening or simplifying the case.**

The Parties currently have no specific suggestions for shortening or simplifying the case.

**13.  The date the case will be ready for trial. The Court expects that most civil cases will be ready for trial within a year after filing the Joint Status Report and Discovery Plan. If the parties will be proposing a trial date more than fourteen months**

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 6
NO.  2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

**from the date of the filing of the Joint Status Report, the parties shall include in this section of the report an explanation as to why the additional time is required.**

At the present time, plaintiffs' counsel does not have any conflicts if a January 2026 trial date is assigned.

At this time, defense counsel does not have any conflicts if a January 2026 trial date is assigned.

**14.     Whether the trial will be jury or non-jury.**

Plaintiff has demanded a jury. The Defendants likewise demand trial by jury.

**15.     The number of trial days required.**

The Parties believe that 10 trial days of 8 hours will be required.

**16.     The names, addresses, and telephone numbers of all trial counsel.**

<u>Attorneys for Plaintiffs</u>

GALANDA BROADMAN, PLLC
Ryan D. Dreveskracht, WSBA # 42593
P. O. Box 15146, Seattle, WA 98115
(206) 909-3842
ryan@galandabroadman.com
joe@galandabroadman.com

SCHODOWSKI LAW, INC. PS
Joseph Schodowski, WSBA # 42910
210 Polk Street, Suite 8,
Port Townsend, WA 98368
(360) 821-8873
joe@schodowskilaw.com

<u>Attorney for County Defendants</u>

LAW LYMAN DANIEL KAMERRER & BOGDANOVICH PS
John Edward Justice, WSBA No. 23042
2674 RW Johnson Blvd SW
Tumwater, WA 98512
(360) 754-3480
jjustice@lldkb.com

<u>Attorneys for Wellpath Defendants</u>

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 7
NO.  2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

FOX BALLARD
Jonathan D. Ballard, WSBA No. 48870
Ross C. Taylor, WSBA No. 48111
1325 Fourth Avenue, Suite 1500, Seattle WA 98101
(206) 800-2727
jonathan@foxballard.com
ross@foxballard.com

**17. The dates on which the trial counsel may have complications to be considered in setting a trial date.**

The Wellpath Defendants' Counsel have the following conflicts at present:

| Dates Unavailable | Reasons Unavailable | Conflict Trial: Court Name & Cause Number |
|---|---|---|
| January 27, 2025 – February 12, 2025 | Trial | USDC W. WA 3:21-cv-05761-TL |
| April 8, 2025 – May 16, 2025 | Trial | USDC E. WA 2:22-cv-00256-TOR |
| May 1, 2025 – May 12, 2025 | Out of country | |
| July 15, 2025 – August 20, 2025 | Trial | |
| September 9, 2025 – September 30, 2025 | Trial | USDC W. WA 3:24-cv-05185-TMC |
| October 20, 2025 – November 5, 2025 | Trial | USDC W. WA 3:24-CV-05202 |

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 8
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

|  |  |  |
|--|--|--|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

Counsel for Clallam County's Trial Conflicts:

1. Horwitz v. UW, King Co. Sup. Ct. 1/20/25 (two weeks)

2. A.D. v. State, King County Superior Court, 2/3/25 (two weeks)

3. Choi v. Lakewood, Pierce County 2/11/2025 (two weeks)

4. Matt Murphy v. Clallam County, Kitsap County Superior Ct. – 2/25/25 (two weeks)

5. Wright v. State, USDC 3/17/2025 (two weeks)

6. Cole v. Longview, USDC 3/31/25 (10 days)

7. Van Loo (Estate of Reinoehl) v. Lakewood, et al., USDC - 4/28/25 (3 weeks)

8. Estate of Keller v. Skamania County, Clark County Superior Court - 5/5/2025 (two weeks)

9. Jamika Scott v. Tacoma, USDC – 6/2/25 (3 weeks)

10. Estate of Anderson v. Mason County, Thurston County Superior Court – 6/9/2025 (five days)

11. Williamson v. Lakewood, US District Court – 6/16/2025 (10 days)

12. Maryelena Clark v. State of WA, Thurston Co. – 7/7/2025 (8 days)

13. Jennings, Jr. v. PNWMX and Grays Harbor County – 7/28/25 at 9 a.m.

14. Perillo v. Island County – Snohomish County Superior Court - 8/25/25 to 9/5/25

Counsel for the Plaintiff's Trial Counsel

1. Fair v. King County et al. | W.D. Wash USDC Case No. 2:21-cv-01706-JHC February 18, 2025 trial

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 9
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

2. Cole et al v. City of Longview, et al | WAWD USDC Case No. 3:24-cv-05023 March 31, 2025 trial

**18. If, on the due date of the Report, all Defendant(s) or respondent(s) have not been served, counsel for Plaintiff(s) shall advise the Court when service will be effected, why it was not made earlier, and shall provide a proposed schedule for the required FRCP 26(f) conference and FRCP 26(a) initial disclosures.**

All named defendants have either been served or have waived service.

**19. Whether any party wishes to have a scheduling conference before the Court enters a scheduling order in the case.**

Yes. The Parties request a scheduling conference to address the disagreement regarding staggered witness disclosures, as discussed in Section 21, below.

**20. List the date(s) that each and every nongovernmental corporate party filed its disclosure statement pursuant to Fed. R. Civ. P. 7.1 and Local Rule 7.1.**
N/A

**21. Disagreement on Staggering Expert Disclosures.**

The Parties disagree on the issue of staggering expert disclosures. The Parties agree the Court has discretion to order either simultaneous or staggered expert disclosures. Plaintiffs and Defendants provide their respective positions, as follows:

**A. Plaintiff's Position on Staggered Disclosures.**

Plaintiff's position is that expert disclosures should be made simultaneously by both parties to ensure fairness and avoid any strategic advantages. Staggering expert disclosures would give the Defendants two bites at the apple in that, after reading Plaintiff's initial expert reports, Defendants would be able to respond to those reports in both their initial reports and rebuttal reports. This creates an unfair strategic advantage, allowing the defense to tailor their expert opinions based on the Plaintiff's disclosed theories and evidence, which undermines the principle of an even playing field in litigation.

**B. Defendants Position.**

The Defendants propose the case schedule provide staggered disclosure of Plaintiff and Defense expert witnesses. Courts in this District have recognized a benefit to staggering expert witness disclosures. *See, e.g. U.S. Bank, N.A. v. Glogowski Law Firm, PLLC*, 339 F.R.D. 579, 581-582 (sequencing expert disclosures to require the party with the burden of proof to disclose

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 10
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

first can benefit case efficiency). Other District Courts have recognized that in particular for cases involving standard of care violations, "defendant's experts would need to know in advance what theories were being advanced by plaintiffs through their experts to which defendant's experts would need to respond." *Mabrey v. United States*, 2006 U.S. Dist. LEXIS 49039, *8, citing *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Sys.*, 411 F. Supp. 2d 1172, 2005 WL 1459572 (N.D. Cal. 2005). It has thus been reasoned that "requiring plaintiffs to make their Rule 26(a)(2) disclosures in advance of defendants [is] more consistent with the parties' burdens in the case" and that plaintiffs were "not prejudiced" by such staggered disclosure. *Id.* Other courts have similarly reasoned that staggered disclosures are "more fair," "less likely to result in requests for modification of [court deadlines]," and more effective at "remov[ing] surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute." *See, e.g. Brink's Home Sec. v. Caliber Holdings Co.*, LLC, 2007 U.S. Dist. LEXIS 17989, *4; *Smith v. CRST Van Expedited, Inc.*, 2008 U.S. Dist. LEXIS 112648, *4.; *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 650 (C.D. Cal. 1997); *Grove City Veterinary Serv., LLC v. Charter Practices, Int'l, LLC,* 2016 U.S. Dist. LEXIS 52646, *64. Accordingly, the Defendants jointly request that Plaintiff's expert witness disclosures predate the Defendants' by 45 days.

DATED this 9th day of August, 2024.

SCHODOWSKI LAW, INC. PS

*s/ Joseph J. Schodowski*
Joseph J. Schodowski, WSBA #42910
Attorneys for Plaintiffs
210 Polk Street, Ste. 8
Port Townsend, WA 98368
(360) 821-8873 Fax: (888) 474-1035
Email: joe@schodowskilaw.com

*s/ Ryan D. Dreveskracht*
Ryan D. Dreveskracht, WSBA #42593

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 11
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873

| | |
|---|---|
| 1 | 8606 35th Avenue NE, Suite L1 |
| | P.O. Box 15146 |
| 2 | Seattle, WA 98115 |
| | Phone: (206) 557-7509 |
| 3 | Fax: (206) 299-7690 |
| | Email: joe@galandabroadman.com |
| 4 |       ryan@galandabroadman.com |
| | ***Attorneys for Plaintiffs*** |

LAW LYMAN DANIEL KAMERRER &
BOGDANOVICH PS – TUMWATER

  *s/John Edward Justice*
John Edward Justice, WSBA No. 23042
2674 RW Johnson Blvd SW
Tumwater, WA 98512
T: 360-754-3480
F: 360-357-3511
Email: jjustice@lldkb.com
Attorney for Defendants Clallam County,
Bill Benedict, Don Wenzl, Tyler Cortani,
Kristin Michelle Puhl, Edward S. Berretta,
Linsay Jane Monoghan, and Tamara Vanover

FOX BALLARD PLLC

  *s/Ross C. Taylor*
Jonathan D. Ballard, WSBA No. 48870
Ross C. Taylor, WSBA No. 48111
1325 Fourth Avenue, Suite 1500
Seattle WA 98101
(206) 800-2727
jonathan@foxballard.com
ross@foxballard.com
Attorneys for Defendants Wellpath LLC and
Alicia C. Long

COMBINED JOINT STATUS
REPORT AND DISCOVERY PLAN - PG. 12
NO. 2:24-CV-00110

**Schodowski Law, Inc. PS**
210 Polk Street, Suite 8
Port Townsend, WA 98368
(360) 821-8873